FARLEY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 39.   Argued January 7, 1971.—Decided February 5, 1971.*
(Also reported in 183 N. W. 2d 33.)

For the plaintiff in error there was a brief by *Rex Capwell* and *Foley, Capwell, Foley & Seehawer,* and oral argument by *Robert E. Olsen,* all of Racine.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

HANLEY, J. Three issues are presented on this appeal:

(1) Did defendant's incarceration from arrest to time of trial, nearly one year, constitute a denial of his sixth amendment right to a speedy trial;

(2) Was defendant entitled to a sentence "credit" for time spent in confinement while awaiting trial; and

(3) Was the failure to give credit for time spent in confinement prior to trial a denial of equal protection, contrary to the fourteenth amendment?

Within one year after imposition of sentence, defense counsel failed to present a motion to the trial court to exercise its inherent power to modify a criminal sentence. The time limits for bringing such a motion are set forth in *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625.

The failure to present a motion for a review of the sentence deprived the trial court of the opportunity to consider the very question which is now presented upon appeal with reference to "credit" for time served while awaiting trial.

This court would be compelled to speculate as to whether or not the trial court gave consideration to time served prior to trial in imposing sentence.

We hold that failure to present a motion at the trial court level to review a sentence bars the defendant from raising a question of impropriety as to sentence except under compelling circumstances, which do not appear in the case at bar.

The other two issues involve constitutional claims which were not raised at the trial level.[1] The general rule regarding this court's initial review of alleged constitutional errors was set forth in *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 153 N. W. 2d 38, 155 N. W. 2d 564:

"This question was raised for the first time in the briefs that are before us on this appeal. We have frequently said that even the claim of a constitutional right

---

[1] Defendant is not represented by trial counsel.

will be deemed waived unless timely raised in the trial court. . . . We have, however, concluded that this court may nevertheless decide a constitutional question not raised below if it appears in the interest of justice to do so and where there are no factual issues that need resolution."

From a review of the record in this case, it clearly appears that the interest of justice will not be served by reviewing the alleged errors.

*By the Court.*—Judgment affirmed.

HALLOWS, C. J. (*dissenting*). This case represents what should not happen in the administration of criminal justice in this state. Through no fault of his, Farley waited to be tried for almost a year. His court-appointed counsel failed for almost eight months to file a brief on a motion and nothing happened in the trial court. After almost a year from the day of arrest, he was brought to trial. This certainly is not speedy justice.

If the Criminal Code, effective July 1, 1970, sec. 971.10, Stats., were applicable, Farley would have been entitled to a discharge from custody if he had asked for a trial at the time his motion was made. Under the code he is entitled to a trial on a felony within ninety days.

While the time spent in waiting for trial under the circumstances of this case may not be a ground for "credit" under sec. 959.07, Stats., it should be taken into consideration by the trial court as a relevant factor in sentencing. *See* American Bar Association *Standards Relating to Sentencing Alternatives and Procedures,* p. 186, sec. 3.6, and commentary thereto. In an analogous problem we ordered resentencing in *State v. Leonard* (1968), 39 Wis. 2d 461, 159 N. W. 2d 577.

The record does not reflect the reasons for the sentence which Farley received but it should if this court is to review sentencing. *McCleary v. State* (1971), 49 Wis. 2d

263, 182 N. W. 2d 512. *See also*: American Bar Association *Standards Relating to Sentencing Alternatives and Procedures*, p. 276, sec. 5.8 (iii), which provides, "The court should assure that the record accurately reflects the facts upon which credit for time served prior to sentencing will be computed." The majority opinion states this court would be compelled to speculate whether the trial court gave consideration to the time Farley spent in jail waiting for trial. Rather than speculate that the trial court gave credit when the record should have reflected it, I would set aside the sentencing judgment and remand the case for resentencing.

I am authorized to state Mr. Justice WILKIE joins in this dissent.