MATTICE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 137. Argued February 4, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 94.)

For the plaintiff in error there was a brief by *Charles J. Herro* and *Herro, Snyder, Chapman & Snyder,* all of Oconomowoc, and oral argument by *Charles J. Herro.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney

general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

HANLEY, J. The sole issue is whether or not the reasons for the rescission of probation and imposition of the sentence previously imposed are affirmatively stated in the record.

In *State v. Leonard* (1968), 39 Wis. 2d 461, 473, 159 N. W. 2d 577, this court adopted the following rule:

". . . Hereafter, on resentencing following a second conviction after retrial, or mere resentencing, the trial court shall be barred from imposing an increased sentence unless (1) events occur or come to the sentencing court's attention subsequent to the first imposition of sentence which warrant an increased penalty; and (2) the court affirmatively states its grounds in the record for increasing the sentence."

In *Hayes v. State* (1970), 46 Wis. 2d 93, 106, 107, 175 N. W. 2d 625, it was held that the trial court did not abuse its discretion in reducing defendant's sentence where it appeared that at the time of sentencing it did not have all the correct information before it, but later learned of pertinent matters which warranted the reduction.

Both parties to this appeal agree that a court may not impose an increased sentence unless some new evidence, which the court was unaware of at the time of the original sentencing, has come to light. In this case, the new evidence which the court was not informed of until after the first sentence was the true extent of the defendant's prior criminal record. The defendant does not contend that this new information is an inadequate basis for modifying the sentence previously imposed. Defendant's only contention is that the court's reasons for the increase are not adequately stated in the record.

At the hearing on March 9, 1970, the court stated:

"The court saw fit to stay the execution of the sentence imposed in this matter upon the premise the defendant had one prior conviction. That statement is in error and the court has been advised the defendant has a considerable prior record and the matter is called for further consideration. . . ."

The court then heard testimony from a parole officer of the department of health & social services who informed the court that the defendant had a long criminal record prior to this offense. The defendant did not contest the accuracy of this record but made a plea for leniency to the court, stating that all his troubles with the law stemmed from his drinking problem.

The court concluded the hearing with these words:

"The court will find that the previous record not revealed to the court is such that the court could not in good conscience find the defendant is suitable for probation. The court will further find there is not a likelihood that he could successfully conduct himself outside of institutional care at this time, and the court will order the probation rescinded and the sentence previously imposed will be executed forthwith. . . ."

We conclude that the two statements of the court, quoted above, which are excerpts from the record, clearly disclose the reason for the modification of the sentence. The reason is that at the first hearing on sentencing the court was not fully apprised of defendant's past criminal record.

*By the Court.*—Judgment affirmed.