TATUM, Plaintiff in error, v. STATE, Defendant in error.

*No. State 37.   Argued May 7, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 137.)

For the plaintiff in error there was a brief by *C. James Riester* and *Schroeder, Gedlen, Riester & Moerke,* all of Milwaukee, and oral argument by *C. James Riester.*

For the defendant in error the cause was argued by *George L. Frederick,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HANLEY, J. Three issues are presented on this appeal:

(1) Was the handcuffing of the defendant in the presence of the jury so prejudicial as to deny him a fair and impartial trial;

(2) In imposing sentence was the trial court influenced by the defendant's conduct during the course of trial, so as to constitute cruel and unusual punishment, contrary to the provisions of the Constitutions of the United States and the state of Wisconsin; and

(3) In the interest of justice, should a new trial be granted?

The defendant makes a claim of constitutional error when he alleges the denial of a right to a fair trial because he was seen by the jury in handcuffs. This issue was not raised on motions after verdict. In *Farley v. State* (1971), 50 Wis. 2d 113, 183 N. W. 2d 33, this court considered a similar issue of constitutional claims not raised at the trial level.

This court stated in *Farley* the general rule regarding this court's initial review of alleged constitutional errors, quoting from *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 359a, 153 N. W. 2d 38, 155 N. W. 2d 564:

"This question was raised for the first time in the briefs that are before us on this appeal. We have frequently said that even the claim of a constitutional right will be deemed waived unless timely raised in the trial court. . . . We have, however, concluded that this court may nevertheless decide a constitutional question not raised below if it appears in the interest of justice to do so and where there are no factual issues that need resolution. . . ."

From a review of the record we conclude there is ample support for reaching the same conclusion as this court did in the *Farley Case, supra,* that the interest of justice will not be served by reviewing the alleged error on the issue of fair trial.

Within one year after imposition of sentence, defense counsel failed to present a motion to the trial court to exercise its inherent power to modify a criminal sentence. The time limits for bringing such a motion are set forth in *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625.

Although the attorney who was appointed by this court to represent defendant on this appeal is not the same attorney who appeared for him at the trial, it is clear from the record of this court that postconviction counsel here was appointed November 11, 1969. Thus, counsel had ample time to present a motion to the trial court to review the sentence of May 15, 1969.

In *Farley, supra,* at page 115, this court stated:

"We hold that failure to present a motion at the trial court level to review a sentence bars the defendant from raising a question of impropriety as to sentence except under compelling circumstances, . . ."

We conclude there are no compelling circumstances in the instant case that warrant a review. The evidence of guilt was overwhelming. The interest of justice will not be served by reviewing the alleged errors.

*By the Court.*——Judgment affirmed.