DAVIS, Plaintiff in error, V. STATE, Defendant in error.

*No. State 13. Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 890.)

For the plaintiff in error there was a brief and oral argument by *Herbert S. Bratt* of Milwaukee.

For the defendant in error the cause was argued by *George L. Frederick,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

CONNOR T. HANSEN, J.   The issue presented in this case is whether the trial court abused its discretion when it revoked the defendant's probation and imposed sentence.[1]

October 15, 1970, the defendant, upon her plea of guilty, was convicted of robbery (party to a crime), in violation of secs. 943.32 (1) (a) and 939.05, Stats. Sentence was withheld and the defendant was placed on probation for one year. November 12, 1970, a hearing was held before the trial court in response to a recommendation by the probation department to revoke the defendant's probationary status and impose sentence. Defendant was present and represented by counsel. After the hearing, the probation of the defendant was revoked by the court and sentence imposed.

February 11, 1971, the defendant appeared by her attorney and moved to vacate the sentence on the ground

[1] Secs. 973.10 (3) and 973.11, Stats., establish probation procedures for populous counties (Milwaukee).

that the revocation of probation had no factual basis. The trial court denied the motion to vacate the sentence.

In *Hughes v. State* (1965), 28 Wis. 2d 665, 670, 137 N. W. 2d 439, after reviewing prior decisions regarding the privilege of probation, the court stated:

"These cases make it evident that the revocation of probation is a matter of judicial discretion and if discretion is, in fact, exercised and if there be some basis in fact for the judge's determination that the conditions of probation have been violated, this court will not set the order aside."

*See also: State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 548, 185 N. W. 2d 306.

In *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, this court defined the term discretion as it relates to sentencing procedures. It was there held that an abuse of discretion will be found only where there is no rational basis for the imposition of the sentence or these rationale are not articulated in, or inferable from, the record, or where discretion is exercised on the basis of clearly irrelevant or improper factors. Translated in terms of the present situation, an abuse of discretion must be based upon a finding of conduct by the probationer for which there is no prohibition within the terms and conditions of her probationary status.

The trial court imposed certain conditions of probation as well as incorporating the general rules promulgated by the department. Those conditions relevant to the present situation include:

"[*The Court*:] . . .
"Compliance with all of the lawful orders of the probation department, except as modified, inclusions or deletions by the court in setting forth its own conditions; are still binding upon her. . . .
"1. The purpose of probation is to work with you and to help you so that you will not get into further difficulties. To achieve this we ask that you discuss any

plans, problems, or difficulties you may have as freely and fully with your probation officer as you can. It is his job to help you in whichever way he can. For this, your cooperation is necessary.

"2. You are to report at the office of the Milwaukee County Adult Probation Department, 605 Public Safety Building, Milwaukee, Wisconsin, until your final discharge by the court, as arranged with your probation officer.

"3. . . .

"4. In all respects, you are to conduct yourself honestly and properly; you are to obey the laws; you are not to engage in criminal practices; you are to avoid improper associates, and you are to follow all orders made by the court."

The testimony of the defendant's probation officer at the probation revocation hearing on November 12, 1970, reflects that during the relatively short time the defendant had been on probation for the instant offense, she had two contacts with the defendant. The initial meeting was of approximately ten minutes duration, during which time she found the defendant's attitude to be uncooperative and indifferent. This conclusion was based on the defendant's unwillingness to discuss some aspects of her personal life, including her welfare situation and the status of her five children. The record reflects she had been receiving some kind of public assistance since 1964.

The second contact the probation officer had with the defendant was the direct result of an incident that occurred in the county court of Milwaukee county on November 4, 1970. Defendant was the complaining witness in a battery charge against a man who operated a tavern. The incident of the battery charge occurred prior to the instant conviction; however, the case was being tried on November 4, 1970, in county court. The county judge dismissed the battery charge and this defendant refused to accept the dismissal. A heated

exchange took place between the defendant and the county judge, who ultimately stated he was considering citing her for contempt. Another woman probation officer was in the county court at the time of the incident, and the county judge, upon learning of defendant's probation status, asked the probation officer present in his courtroom to escort the defendant to the probation department so that the defendant might confer with her assigned probation officer. Defendant refused to do this, and her assigned probation officer was called. Upon her arrival in county court, she found the defendant would not cooperate with her and "definitely stated that she would not converse with me nor appear in my office."

At the revocation hearing, the probation officer assigned to the defendant further testified that the defendant had had previous probation experience between the years of 1964 and 1965 which proved totally unsatisfactory. Also, that while on probation, defendant appeared in county court on charges of prostitution, and also was the complainant in several battery charges. This probation was ultimately revoked and sentence imposed. She further testified that the defendant was currently on probation from a Milwaukee county court on a charge of disorderly conduct. Based upon the knowledge available to her, the probation officer concluded that the defendant exhibits a hostile reaction toward authority and any type of formal supervision, and thereupon recommended revocation of probation and imposition of sentence to the trial judge.

The incident in the county court on November 4, 1970, was corroborated by the other probation officer who was in court at the time that incident occurred.

At the probation revocation hearing, the defendant denied she had refused to confer with her assigned probation officer or to appear in her office, and con-

tended that only before doing so she first wanted an opportunity to go to the office of the district attorney and sign another complaint.

From our examination of the record, it appears the trial judge in the instant case placed the defendant on probation without the benefit of a presentence investigation. Also, the record does not reflect that the trial court enunciated, in detail, the basis for revocation of the defendant's probation at the revocation hearing on November 12, 1970. However, at the hearing on defendant's motion to vacate the sentence, the trial court made the factual basis for the revocation of probation abundantly clear. The trial court stated in positive terms that the reason for revoking probation was that the relationship between the defendant and her probation officers was inconsistent with the conditions of probation which required defendant to obey all lawful orders of the probation department, and that the defendant had not done so. He further stated that probation was not revoked because of the incident in county court, but because the contacts of the defendant with her probation officers indicated the defendant was no longer a suitable person for consideration of probationary status.

The statements by the trial court adequately disclose the basis upon which probation was revoked. *Mattice v. State* (1971), 50 Wis. 2d 380, 184 N. W. 2d 94. The trial court did not abuse its discretion in revoking probation.

*By the Court.*—Order affirmed.