KORPELA, Plaintiff in error, v. STATE, Defendant in error.

*No. State 170. Submitted under sec. (Rule) 251.54 April 3, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 368.)

The cause was submitted for the plaintiff in error on
the brief of *John D. Murray* and *Coffey, Murray &*

*Coffey,* all of Milwaukee, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Charles R. Larsen,* assistant attorney general.

ROBERT W. HANSEN, J. The writ of error challenges only the finding of guilt and the sentence imposed on the charge of operating a vehicle without the owner's consent.

The plaintiff in error contends that the evidence is insufficient to establish that he operated an automobile without the owner's consent. The challenge to the judgment of conviction on that basis fails. Particularly as to the operating of the automobile involved, following the incident in the vacant lot, the evidence clearly establishes that such operation was without the owner's consent. The plaintiff in error contends that he had an initial permission to operate the vehicle which continued after the stop in the vacant lot. The facts clearly refute such implied continuing permission. He had not only told the complaining witness that he was going to have sexual intercourse with her, but also that he was going to kill her. According to her testimony, he then began to choke her. When her screams were heard by a resident who called out, "What's going on out there?", the plaintiff in error let go of the complaining witness and she ran. She heard the motor of her car start and saw the car drive away. It is true that there is no direct testimony that the plaintiff in error did the driving, but he had the keys to the car and was on the scene. He had stopped choking the complaining witness only after her screams had attracted the attention of a nearby resident. It is an entirely reasonable inference, under the circumstances here, that the plaintiff in error did operate the automobile, using it to escape from the scene, and it is the only reasonable inference that he did so without the consent of the owner. If he had permission to operate the vehicle earlier, and we do not

so hold, any such permission did not survive the vacant lot assault. The judgment of conviction on the charge of operating a vehicle without the owner's consent is affirmed.

The plaintiff in error contends that the five-year sentence imposed by the trial court was excessive and represents an abuse of trial court discretion in the sentencing process. (Sec. 943.23, Stats., provides that one who operates a vehicle without the owner's consent may be fined not more than $1,000 or imprisoned not more than five years, or both.)

However, the record here reveals no motion made before the trial court for reduction of sentence on the ground of excessiveness or abuse of discretion. Such motion to reduce sentence must be filed in the trial court within ninety days of sentencing, and ". . . [f]ailure to make such motion bars a defendant from raising an issue as to sentencing within statutory limits except under compelling circumstances. . . ." [1] As a matter of right, review of an alleged abuse of discretion in sentencing is not available on an appeal to this court ". . . where an appropriate motion for reduction of sentence has not been made. . . ." [2] Earlier cases make clear this requirement for an initial motion to the trial court to review a sentence and the consequence that ". . . failure to present a motion at the trial court level to review a sentence bars the defendant from raising a question of impropriety as to sentence except under compelling circumstances . . . ." [3] The statement in one case that ". . . the requirement that a motion be made to the trial court to correct a sentence deemed excessive

[1] *Gaddis v. State* (1974), 63 Wis. 2d 120, 129, 216 N. W. 2d 527.

[2] *Whitmore v. State* (1973), 56 Wis. 2d 706, 717, 203 N. W. 2d 56.

[3] *Farley v. State* (1971), 50 Wis. 2d 113, 115, 183 N. W. 2d 33, quoted and followed in *Stockwell v. State* (1973), 59 Wis. 2d 21, 28, 207 N. W. 2d 883. *See also: Tatum v. State* (1971), 51 Wis. 2d 554, 556, 187 N. W. 2d 137.

or imposed with an abuse of discretion is unnecessary to preserve such question for review by this court unless new factors are, in fact, present which the trial court should consider . . . ." [4] must be considered overruled by *Stockwell* and *Gaddis,* and is withdrawn. Any motion for review of sentence, based either on claimed excessiveness or abuse of discretion or new factors being present, must be made to the trial court and, unless it is made at the trial court level, in the absence of compelling circumstances, will not be initially reviewed by this court. We find no such compelling circumstances in the case before us, and hold that the right to review of the sentence imposed on the ground of alleged excessiveness and abuse of discretion was lost by the failure to here make a motion for reduction of sentence at the trial court level within ninety days of the sentencing.

*By the Court.*—Judgment affirmed.

---

[4] *State v. Foellmi* (1973), 57 Wis. 2d 572, 582, 583, 205 N. W. 2d 144.