BROWN, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–316–CR. Submitted on briefs September 13, 1976.—Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 670.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Jack E. Schairer,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

HANLEY, J. Three issues are presented in the review:

1. Was the information charging the defendant void?

2. Was the defendant denied equal protection of the law by being charged in a judicial, rather than an administrative, proceeding?

3. Did the trial judge consider improper factors in sentencing?

*Validity of information.*

The information filed in this case alleged that the defendant:

". . . on 5–8–74 did feloniously, while in the custody of the Wisconsin Correctional Camp System, community correctional center, located at 1211 N. 13th Street, Milwaukee, Wisconsin, which by statutory definition is a State Prison, escape from custody. Contrary to Wisconsin Statutes section 946.42 (3) (a)."

The defendant challenges the validity of this information on the ground that it is void for failure to allege intent.

In *Clark v. State* (1974), 62 Wis. 2d 194, 214 N. W. 2d 450, this court upheld the validity of an information charging first-degree murder despite the lack of an allegation of intent where the information included a reference to the specific numbered statute and the record showed that the defendant was fully aware of the charge made against him.

The record shows, and the defendant has not made a claim to the contrary, that the defendant was fully aware that he was charged with escape. The defendant entered his guilty plea after a full discussion with his attorney, and before accepting the plea, the trial judge questioned the defendant as to his understanding of the effects of his plea. No challenge has been made to the taking of the guilty plea and the record reveals that the plea was voluntarily, intelligently and knowingly entered. At no

time during the proceeding did defendant or his counsel assert that he did not know the nature and cause of the accusation made against him.

■ In addition, the information in this case made specific reference to sec. 946.42 (3) (a), the statutory section under which the defendant was charged. This reference necessarily carried with it all of the elements of the offense charged under that section. *Clark v. State, supra,* at p. 202; *Schleiss v. State* (1976), 71 Wis. 2d 733, 738, 239 N. W. 2d 68.

The defendant also challenges the information on the ground that the statutes do not authorize a charge of escape under the circumstances of this case. The defendant notes that sec. 56.065 (2), Stats., the work-release statute, refers to sec. 946.42 (3), and directly states that a failure to report to or from employment is to be considered an escape. Because of this specific statutory treatment of failure to report to or from work, and the lack of specific reference to an escape of a prisoner on the work-release program from the institution proper, the defendant contends that the statutes do not authorize a charge of escape in the latter situation.

■ We see no need for sec. 56.065 (2), Stats., to specifically spell out the consequences of an escape from the institution proper by an inmate on the work-release program for the statutes have already provided for that situation. Section 946.42 (5) (b), defines "custody" to include "actual custody of an institution." Under sec. 46.046, the Wisconsin Correctional Camp System, of which the Community Correctional Center is a facility, is an institution as well as a state prison. Thus, the defendant's escape was not a mere deviation from the work-release program, but an escape from an institution squarely within the purview of the escape statute sec. 946.42 (3).

*Question of equal protection.*

■ The defendant's claim of a violation of equal protection of the laws is based upon the assertion that those who violate the rules of the work-release program are subject to administrative action, such as revocation of work-release program participation, and thus he should not be subject to criminal charges. We find no merit to this claim. The defendant here is not charged for the mere violation of the rules of the work-release program but for the crime of escape from the actual custody of a Wisconsin correctional institution.

*Sentencing.*

The prosecutor's recommendation for sentencing read in part as follows:

"[T]he defendant was escaped for a lengthy period of time, during that time he, my information is that he participated in serious criminal acts. . . . In view of the fact that the sentence [defendant was serving when he escaped] was a substantial sentence involving a lengthy series of burglaries, which, a number of which were read in and available for the Court's observations of the official transcript. Taking all these things into consideration, I believe a substantial term of incarceration is indicated by the defendant's conduct."

■ The defendant contends that the trial court improperly considered the alleged serious criminal conduct following his escape and the crimes of burglary upon which his conviction and the sentence he was serving were based. While the defendant asserts this alleged improper consideration constituted a denial of due process, the question is simply whether it constituted an abuse of the trial court's sentencing discretion. *Ocanas v. State* (1975), 70 Wis. 2d 179, 187, 233 N. W. 2d 457; *McCleary v. State* (1971), 49 Wis. 2d 263, 273, 182 N. W. 2d 512.

The defendant's claim as to sentencing lacks merit, because there is no showing that the trial judge considered these particular factors. This court may modify a sentence only when an abuse of discretion clearly appears. *McCleary v. State, supra,* at p. 278. Here the trial judge, by his sentencing comments, was obviously most concerned with the defendant's abuse of the opportunity offered him by the work-release program. Furthermore, the prior criminal record of the defendant, such as burglaries for which he was serving sentence, is a proper factor to be considered in the sentencing process. *State v. Tew* (1972), 54 Wis. 2d 361, 367, 195 N. W. 2d 615.

In this case the record reveals that no motion was made before the trial court challenging the sentence on the ground of abuse of the trial judge's sentencing discretion. Consequently the defendant has lost the right to review sentencing on the ground of abuse of discretion. Motions challenging the sentence must be made within ninety days of sentencing. This court has made clear the rule that "[f]ailure to make such a motion bars a defendant from raising an issue as to sentencing within statutory limits except under compelling circumstances." *Gaddis v. State* (1974), 63 Wis. 2d 120, 129, 216 N. W. 2d 527; *Korpela v. State* (1974), 63 Wis. 2d 697, 701, 218 N. W. 2d 368. We find no compelling circumstances exist in this case and thus the defendant is not entitled to review of the sentence.

We conclude that the judgment of conviction and the order of defendant's postconviction motion must be affirmed.

*By the Court.*—Judgment and order affirmed.