STATE of Wisconsin, Plaintiff-Respondent,†

v.

Lamont L. TRAVIS, Defendant-Appellant.

Court of Appeals

*No. 2011AP685–CR. Submitted on briefs January 11, 2012.
—Decided March 14, 2012.*

2012 WI App 46

(Also reported in 813 N.W.2d 702.)

† Petition for Review filed.

639

640

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren,* assistant attorney general, and *J.B. Van Hollen, attorney general.*

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Lamont L. Travis was charged with one count of attempted first-degree sexual assault of a child under the age of twelve. The complaint and information incorrectly stated that a mandatory minimum sentence of five years in prison was required upon conviction. Throughout the entire proceedings (charging, plea negotiations, entry of plea and sentencing) the circuit court, the State, Travis, and his counsel all thought that a five-year mandatory minimum applied.

¶ 2. After sentencing, Travis's appellate counsel discovered that the five-year mandatory minimum did not apply and brought a motion seeking resentencing, arguing that Travis's due process rights were violated as the crime he was prosecuted on does not have a mandatory minimum prison sentence. Travis argued that as the error affected the entire structure of the judicial proceedings against him, it was a structural error and not subject to a harmless error analysis. At the postconviction hearing, both the prosecutor and court acknowledged the mistake. The court conceded that the mistake was "inaccurately" referenced in the

original pleadings, was "carried out" through Travis's plea and sentencing, and "ultimately really pervaded the entire file in this case."

¶ 3. The circuit court did not consider the error to be structural and applied a harmless error analysis in denying Travis's request for resentencing. In the circuit court's view the mistake "did not have any bearing on sentencing," as the imposed sentence of eight years in prison followed by ten years of extended supervision "was primarily based" on Travis's prior record, which includes a conviction for attempted second-degree sexual assault.

¶ 4. We disagree and hold that the error was "structural" and thus incapable of being harmless. We reverse and remand for the requested relief of resentencing. Upon remand, we also direct the circuit court to amend the judgment of conviction to reflect that Travis pled guilty to WIS. STAT. § 948.02(1)(e) (2009–10).[1]

## BACKGROUND

¶ 5. Travis was charged with attempting "to have sexual contact with a child under the age of twelve." The probable cause portion of the complaint alleged that Travis tried to put his hand down his ten-year-old niece's pants, but she slapped his hand away before he could touch her genital area.

¶ 6. The complaint is not a model of draftsmanship. The statute cited to in the complaint is WIS. STAT. § 948.02(1)(d), which applies to an adult who "has sexual contact with a person who has not attained the age of 16 years by use or threat of force or violence."

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

Conviction for attempt under § 948.02(1)(d) is a Class B felony and provides for up to thirty years in prison with a mandatory minimum prison sentence of five years. *See* WIS. STAT. § 939.50(3)(b) (penalty for attempt is halved, *see* WIS. STAT. § 939.32(1g)(b)); WIS. STAT. § 939.616(2). The State never alleged—in writing or orally—that Travis used or threatened violence or force in his attempt to have sexual contact with his niece. After the complaint was issued, all parties involved moved forward with the misunderstanding that Travis's crime required a mandatory minimum prison term of five years.

¶ 7. The crime described in the complaint conforms to WIS. STAT. § 948.02(1)(e), which applies to anyone who "has sexual contact with a person who has not attained the age of 13 years."[2] Section 948.02(1)(e), unlike § 948.02(1)(d), does not carry a mandatory minimum sentence.

¶ 8. Travis pled guilty to attempted first-degree sexual assault "as charged." At the plea hearing, the State did not allege that Travis used or threatened violence or force against his niece. When Travis entered his guilty plea, the court asked Travis to explain to the court what he did. Travis's attorney replied that Travis was not prepared to answer such a question. Travis's attorney related that Travis was drunk at the time he tried to put his hand down his niece's pants. The court asked Travis if that was what happened and Travis said "yes." The court then asked Travis, "You never did actually complete the sexual contact by touching, but you were attempting to reach down?" Travis responded,

---

[2] We surmise that the complaint's reference to "a child under the age of twelve" comes from WIS. STAT. § 948.02(1)(b), which makes it a Class B felony to have sexual intercourse with a child under the age of twelve.

"Not that I recall, Your Honor, no." Travis stated that he knew "something happened," and that he was not questioning his niece's statements.[3] The court verified with Travis that Travis understood his plea would result in a minimum of five years in prison.

¶ 9. The court continued the plea hearing by describing to Travis the elements of the crime he was pleading guilty to as: (1) "you attempted to have sexual contact, meaning to touch an intimate part of your niece"; (2) the State would have to prove Travis's niece was under twelve years of age; and (3) "I think there's an element of 'for purposes of gratification' in there." The court did not include the element of "use or threat of force or violence," as is required for a conviction under Wis. Stat. § 948.02(1)(d).[4] The plea questionnaire that Travis and his counsel completed was equally sparse. The questionnaire listed the charged statute as § 948.02 (no subsection is listed) and set forth the elements of the crime as: "(1) attempted to (2) have sexual contact with child[,] (3) child was under 13 years

---

[3] Travis pled guilty, although his comments suggest a "no contest" plea.

[4] The elements of Wis. Stat. § 948.02(1)(d) are: (1) the defendant had sexual contact with the victim; (2) the defendant was at least eighteen years old; (3) the victim was under the age of sixteen at the time of the alleged sexual contact; and (4) the defendant had sexual contact with the victim by the use or threat of force or violence. Wis JI—Criminal 2102D. As Travis was charged with attempt, the elements would need to be amended to reflect that Travis "intended to have" sexual contact and he did acts that "demonstrate unequivocally under all of the circumstances, that [Travis] intended to and would have had sexual contact with [the victim] except for the intervention of another person or some other extraneous factor." *See* Wis JI—Criminal 2105A.

of age."[5] The plea questionnaire indicated that Travis's crime provided for a five-year mandatory minimum prison sentence.

¶ 10.   The court accepted Travis's guilty plea. The judgment of conviction lists Wis. Stat. § 948.02(1)(d) as the statute Travis violated. Travis was sentenced to eight years in prison followed by ten years of extended supervision.

¶ 11.   Travis's postconviction counsel requested resentencing on the grounds that Travis's due process rights were violated by a judicial system that, from start to finish, operated under the belief that a five-year mandatory minimum prison sentence applied to the crime Travis was charged with and pled to. Travis argued that the error affected the very structure of the judicial proceedings against him, and as such could not be "harmless."

¶ 12.   At the postconviction hearing, the State conceded that the information was inaccurate and that the five-year mandatory minimum prison sentence did not apply to Travis.[6] The circuit court observed that "all parties now recognize" that there is no mandatory minimum sentence for Travis's crime and that the

---

[5] The elements of Wis. Stat. § 948.02(1)(e) are:   (1) the defendant had sexual contact with the victim and (2) the victim was under thirteen years of age at the time of the sexual contact. Wis JI—Criminal 2102E. The reference in the plea questionnaire to thirteen years of age instead of twelve seems to indicate that Travis's attorney understood that his client was really being charged under § 948.02(1)(e), not § 948.02(1)(d). The plea questionnaire did not address the elements of attempt laid out in Wis JI—Criminal 2105A, nor does it define "sexual contact." *See* Wis JI—Criminal 2101A.

[6] The State did not indicate at the postconviction hearing what statute conformed to the crime that Travis pled guilty to.

mistake "ultimately really pervaded the entire file in this case." The court found, however, that the error was harmless, as the mandatory minimum "did not have any bearing on sentencing." The court commented that it relied "primarily" on Travis's prior record, which included a conviction for attempted second-degree sexual assault. No one at the postconviction hearing moved to amend the judgment of conviction, and Travis remains convicted under WIS. STAT. § 948.02(1)(d) rather than § 948.02(1)(e).

## STANDARD OF REVIEW

¶ 13.  Constitutional errors at trial fall into two categories:  trial errors and structural errors. *State v. Hansbrough*, 2011 WI App 79, ¶ 10, 334 Wis. 2d 237, 799 N.W.2d 887. Trial errors are subject to harmless error analysis while structural errors require automatic reversal. *Id.* A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* (citation omitted). Such errors infect the entire trial process and render it fundamentally unfair. *Id.* Structural errors "seriously affect the fairness, integrity or public reputation of judicial proceedings and are so fundamental that they are considered per se prejudicial." *Id.* (citation omitted). A defendant has a constitutionally protected due process right to be sentenced upon accurate information and a fair sentencing process—one in which the court goes through a rational procedure of selecting a sentence based on relevant considerations and accurate information. *State v. Tiepelman*, 2006 WI 66, ¶¶ 9, 26, 291 Wis. 2d 179, 717 N.W.2d 1. Whether a defendant has been denied this due process right is a constitutional issue that we review de novo. *Id.*, ¶ 9.

¶ 14. A defendant who requests resentencing due to the circuit court's use of inaccurate information must show (1) that the information was inaccurate and (2) that the circuit court relied on the inaccurate information. *Id.*, ¶ 26. If the defendant meets both these standards, the burden shifts to the State to prove the error was harmless. *Id.* An error is harmless if there is no reasonable probability that it contributed to the outcome. *State v. Payette*, 2008 WI App 106, ¶ 46, 313 Wis. 2d 39, 756 N.W.2d 423. A structural error, however, is per se prejudicial and thus is never harmless. *Hansbrough*, 334 Wis. 2d 237, ¶ 10.

## DISCUSSION

*Was Inaccurate Information Presented
to the Circuit Court?*

¶ 15. The State on appeal argues that there was no inaccurate information presented to the circuit court as a five-year mandatory minimum prison sentence applies to the charge (Wis. Stat. § 948.02(1)(d)) Travis pled to. The State argues that the complaint is governed by the statute cited to and not the factual allegations. The State finds it "puzzling" that the assistant district attorney and the circuit court accepted Travis's argument that the reference to the mandatory minimum sentence amounted to inaccurate information.[7]

---

[7] As this is a three-judge opinion, the State is represented by the Attorney General's Office on appeal rather than the local District Attorney's Office. At the postconviction hearing, the assistant district attorney acknowledged to the circuit court that a mistake was made regarding the mandatory minimum prison sentence. The court stated that "all parties now recog-

¶ 16. The State has misinterpreted the law. For a complaint to pass constitutional muster, it "must contain the 'essential facts' constituting the offense charged." *State v. Williams*, 47 Wis. 2d 242, 253, 177 N.W.2d 611 (1970). It is not enough to list only the language of the criminal statute the defendant allegedly violated, let alone a statutory cite. *See id*. In Travis's case, the complaint listed Wis. Stat. § 948.02(1)(d), which contains a "use or threat of force or violence" element. The complaint, however, did not allege that Travis used or threatened force or violence, nor did it list any facts indicating that Travis used or threatened force or violence. The complaint did not set forth the statutory language of § 948.02(1)(d). As the complaint did not contain facts that established probable cause that Travis violated § 948.02(1)(d), the complaint did not comply with the Fourth Amendment. *See Williams*, 47 Wis. 2d at 253.

¶ 17. The State cites to *Brown v. State*, 73 Wis. 2d 703, 245 N.W.2d 670 (1976), to support its argument that citation to a statute is enough to establish the elements in a criminal complaint. In *Brown*, the defendant was charged with and pled guilty to escaping from prison. *Id*. at 706. On appeal, he challenged the validity of the information on the grounds that it failed to allege intent, an element of the charged crime. *Id*. The supreme court affirmed his guilty plea, holding:

nize" that there was a mistake. The Attorney General's Office argues that the assistant district attorney and the circuit court are both wrong because the statute Travis was charged with does require a mandatory minimum prison sentence of five years. Given that the State conceded its mistake at the postconviction hearing, we find the Attorney General's argument on appeal "puzzling."

> The record shows, and the defendant has not made a claim to the contrary, that the defendant was fully aware that he was charged with escape. The defendant entered his guilty plea after a full discussion with his attorney, and before accepting the plea, the trial judge questioned the defendant as to his understanding of the effects of his plea. No challenge has been made to the taking of the guilty plea and the record reveals that the plea was voluntarily, intelligently and knowingly entered. At no time during the proceeding did defendant or his counsel assert that he did not know the nature and cause of the accusation made against him.

*Id.* at 706–07. The court also stated that "[i]n addition, the information in this case made specific reference to . . . the statutory section under which the defendant was charged. This reference necessarily carried with it all of the elements of the offense charged under that section." *Id.* at 707. The State uses this quote as evidence that charging documents do not need to contain the statutory words but rather only the statutory cite by itself.

¶ 18.  While a complaint is not required to use the language of the relevant criminal statute, the complaint must still "contain the 'essential facts' constituting the offense charged." *Williams*, 47 Wis. 2d at 253. A complaint cannot just list the statute allegedly violated without describing why the facts provide probable cause that the defendant committed the crime. *See id.* Furthermore, the defendant in *Brown* was "fully aware that he was charged with escape." *Brown*, 73 Wis. 2d at 706. Travis, by contrast, was never made aware that he was charged with attempted sexual contact with a person under sixteen "by use or threat of force or violence." *See* Wis. Stat. § 948.02(1)(d). *Brown* is not applicable.

650

¶ 19. The State also requests that we assume that a videotape of a statement by the victim—which is not included in the appellate record—is proof that Travis attempted to have sexual contact "by use or threat of force or violence." As the videotape is not in the record, and as defense counsel, the assistant district attorney, and the circuit court all agreed that WIS. STAT. § 948.02(1)(d) was not the crime Travis should have been charged with, we are again puzzled by the Attorney General's Office's argument. We address this frivolous argument no further, and adopt the findings of the circuit court that the five-year mandatory minimum was erroneous and that inaccurate information was presented to the court.

### Did the Circuit Court Rely on the Inaccurate Information?

¶ 20. The record reveals that the circuit court repeatedly relied on the incorrect notion that Travis's crime required a five-year mandatory minimum prison sentence. At the plea hearing the circuit court told Travis, "[A]pparently there's at least a five-year minimum period of incarceration," and "The way I read this, if you're convicted of it, you go to prison for at least five years. That's the minimum. Do you understand that?" Travis said that he understood. At the sentencing hearing, Travis's attorney agreed with the circuit court that a five-year mandatory minimum prison sentence applied. Travis said he understood there was a five-year mandatory minimum when he pled guilty. In imposing its sentence the court commented to Travis, "You're sitting in court today to be sentenced on a serious felony, a 30–year felony that carries a minimum prison sentence with it." It is clear that the circuit court relied on inaccurate information in reaching its sentence.

651

*Was the Error a Trial Error or a Structural Error?*

¶ 21.   As Travis has met his burden that the information presented to the circuit court was inaccurate and that the court relied on it, the burden shifts to the State to prove the error was harmless. If the error is structural, however, the harmless error analysis does not apply, as the error is per se prejudicial and thus subject to automatic reversal. *Hansbrough*, 334 Wis. 2d 237, ¶ 10.

¶ 22.   What we stated at the outset bears repeating:   a structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* (citation omitted). Such errors infect the entire trial process and render it fundamentally unfair. *Id.* Structural errors "seriously affect the fairness, integrity or public reputation of judicial proceedings and are so fundamental that they are considered per se prejudicial." *Id.* (citation omitted).

¶ 23.   The circuit court acknowledged that the error "really pervaded the entire file in this case." The error was not an isolated mistake that affected just a discretionary decision of the circuit court. The error infected the charging of Travis; the error infected the plea negotiations; the error infected Travis's discussions with his trial counsel; the error infected the plea hearing; and the error infected the sentencing of Travis, where all participants acted with the misunderstanding that the starting point for Travis was five years in prison. We agree with the circuit court that the error affected the entire framework within which Travis was prosecuted.

■■■

¶ 24.   We hold that the error affected the fairness, integrity, and the public reputation of the judicial proceedings. All participants operated under the assumption that Travis was going to prison for at least

five years, when in reality there was no mandatory minimum sentence required. It is impossible to measure the breadth of the error. The error affected the State's charging decision, Travis's plea decision, communications and negotiations between the State and Travis, and the circuit court's basic assumptions as to Travis's sentence. Travis's due process right to be sentenced upon accurate information was violated. As the pervasive error seriously affected the fairness and integrity of Travis's sentence, we hold that it was a structural error requiring a reversal of the circuit court's denial of resentencing.

## CONCLUSION

¶ 25. We reverse and remand for Travis's requested relief of resentencing. Upon remand, the circuit court is ordered to amend the judgment of conviction to reflect that Travis pled guilty to WIS. STAT. § 948.02(1)(e).

*By the Court.*—Judgment and order reversed and cause remanded with directions.