WOOD, Petitioner, vs. HANSEN, District Judge, Respondent.

*September 7—November 9, 1954.*

*Alexander Lakes* of Milwaukee, for the petitioner.

The *Attorney General* and *William A. Platz,* assistant attorney general, and *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* assistant district attorney, for the respondent.

PER CURIAM. The application of petitioner for a writ of prohibition directed to the judge of the district court of Milwaukee county prohibiting him from committing petitioner to the custody of the department of public welfare of the state of Wisconsin for treatment of an abnormality was granted. There is now before us a motion for a rehearing in the matter. We have re-examined the matter set forth by the attorney general of the state and the district attorney of Milwaukee county, together with the brief submitted by the petitioner's attorney.

A review of the statutes controlling our decision shows no authority for the commitment complained of.

If the petitioner, as a physician has stated after an examination of the petitioner, is a dangerous sexual psychopath and a menace to society and must be confined in a suitable institution, then the offense with which he is charged, that is,

disorderly conduct, does not fit into the legislative scheme providing for the treatment of sex deviates. It cannot unless "indecent and obscene language" be held to be a sex crime. If his abnormality amounts to insanity or so complete an absence of self-control as to make him a mental case under the State Mental Health Act, ch. 51, Stats., "believed to be mentally ill, mentally infirm, or mentally deficient or epileptic," there may be found methods of treatment and control without resorting to an improper extension of the term "disorderly conduct" so as to include those who may be guilty of disorderly conduct. Sec. 348.35, Stats., reads:

"Any person who shall engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create or provoke a breach of the peace or to disturb or annoy others, whether in a public or a private place, shall be punished by a fine of not more than $100 or imprisonment not over thirty days. This section shall not prevent the enactment or enforcement of municipal ordinances for the punishment of the same or similar offenses."

The interpretation of that section so far as defining "act or words" is necessarily limited by the closing sentence, "This section shall not prevent the enactment or enforcement of municipal ordinances for the punishment of the same or similar offenses." Acts included under sex crimes are set forth in sec. 340.485 (1) and (2), Stats.:

"(1) If a person is convicted under secs. 340.46, 340.48, 351.34, or 351.41, the court shall commit him to the department of public welfare for a presentence social, physical, and mental examination. The court and all public officials shall make available to the department upon its request all pertinent data in their possession in respect to the case.
"(2) If a person is convicted of any sex crime other than those specified in subsection (1), the court may commit him to the department for such a presentence examination, if the department certifies that it has adequate facilities for making such examination and is willing to accept such commitment.

The court and all public officials shall make available to the department upon its request all pertinent data in their possession in respect to the case."

It does not appear possible to include the offense of disorderly conduct as defined in the section quoted. And the section covering sex crimes limits the scope of the situations over which the rule sought to be imposed exists.