STATE, Plaintiff in error, v. SORENSON, Defendant in error.

*May 13—June 7, 1966.*

For the plaintiff in error the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant in error there was a brief by *Carey & Solberg* of Menomonie, and oral argument by *Ronald J. Carey.*

WILKIE, J. The sole issue on this review is whether the trial court was in error in committing the defendant to the welfare department (1) for an indeterminate term, (2) not to exceed one year, when the maximum term for indecent behavior with a child is ten years.[2] The trial court committed the defendant in error to the department of public welfare under secs. 959.15 (6) [3] and 959.05,[4] Stats.

Under sec. 959.15 (6), Stats., there are only two alternatives available to the trial court when the department of public welfare recommends specialized treat-

---

[2] Sec. 944.11 (2), Stats.

[3] "(6) COMMITMENT TO THE DEPARTMENT. If it appears from said report that the department recommends specialized treatment for his mental or physical aberrations, the court shall order the proper county authorities to bring him before the court at county expense and shall either place him on probation under ch. 57 with the requirement as a condition of such probation, that he receive outpatient or inpatient treatment in such manner as the court prescribes, or commit him to the department under this section. If he is committed to the department the court shall order him conveyed by proper county authorities, at the expense of the county to the sex deviate facility, established by the department."

[4] "959.05 **Indeterminate sentence, state prison.** If imprisonment in the state prison for a term of years is imposed, the court may fix a term less than the prescribed maximum. . . ."

ment: The defendant is either placed on probation, with the condition that he or she receive prescribed inpatient or outpatient treatment, or is committed to the department.[5] After care is suggested, the trial court has no authority whatsoever to impose any sentence as such. It is only when the department determines that no treatment is required that the trial court is free to sentence the defendant as provided by law for the offense.[6]

Defendant in error points to language in sec. 959.15 (12), Stats.,[7] which calls for the discharge of any person still committed, unless the department has applied for an order continuing control "at the expiration of the maximum term prescribed by law for the offense for which he was convicted" and argues that this means the maximum set by the trial court under sec. 959.05. But, as previously discussed, the trial court has no authority to impose any sentence when special care is suggested by the department. Furthermore, the

[5] *State ex rel. Copas v. Burke* (1965), 28 Wis. (2d) 188, 193, 136 N. W. (2d) 778; *State v. Sutter* (1958), 5 Wis. (2d) 192, 194, 92 N. W. (2d) 229; *State ex rel. Volden v. Haas* (1953), 264 Wis. 127, 129, 58 N. W. (2d) 577.

[6] "959.15 (5) SENTENCE IMPOSED. If it appears from such report that the department does not recommend specialized treatment for his mental and physical aberrations, the court shall order the proper county authorities to bring him before the court at county expense and shall sentence him in the manner provided by law."

[7] "(12) TERMINATION OF CONTROL. Every person committed to the department who has not been discharged from its control as provided in sub. (11) unless the department has previously thereunto made an order directing that he remain subject to its control for a longer period and has applied to the committing court for a review of said order as provided in sub. (13) shall be discharged at the expiration of the maximum term prescribed by law for the offense for which he was convicted, subject to the provisions of s. 53.11, or at the expiration of one year, whichever is the greater. For the purposes of this subsection, sentence shall begin at noon of the day of commitment by the court to the department."

very reference to the maximum term "for the offense for which he was convicted" contemplates that the defendant will be subject to the control of the department for the maximum period established by the criminal statute violated—in this case ten years—and not for a maximum set by the trial judge under the indeterminate sentencing provisions.[8] This result gives full effect to the command that provisions of sec. 959.15 "shall prevail over conflicting provisions heretofore enacted." [9]

It is true, as argued by the defendant in error, that there is no practical difference in terms of results under either interpretation. This is because the department could, after appropriate hearings, continue its control over him for a full ten-year period. But this does not mean that the court is empowered to lay down an indeterminate sentence. On the contrary, the exclusive power given to the department to parole [10] or discharge [11] a defendant indicates that the department and not the court is to have the larger say in regard to the defendant's release. As this court has recognized:

". . . the legislature has authorized the department, not the court, to determine whether the defendant's offense is to have the consequences of a crime in the traditional sense or is the manifestation of physical or mental aberration for which defendant should be treated. If the offense is, in fact, the latter, then it is in the interest both of society and the defendant that defendant receive treatment and that any restrictions imposed upon liberty should not be imposed for the purpose of punishment." [12]

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[8] Although the precise question raised here was not presented, sec. 959.15 (12), Stats., has been so interpreted, *Johnson v. Burke* (D. C. Wis. 1965), 238 Fed. Supp. 104, 107.

[9] Sec. 959.15 (18), Stats.

[10] Sec. 959.15 (10), Stats.

[11] Sec. 959.15 (11), Stats.

[12] *State v. Sutter, supra,* footnote 5, at page 194.