STATE of Wisconsin, Plaintiff-Appellant and
Cross-Respondent,

v.

Ivan L. HIGGINBOTHAM, Defendant-Respondent and
Cross-Appellant.†

Supreme Court

*No. 80–012–CR. Argued March 3, 1981.—Decided March 31, 1981.*

(Also reported in 303 N.W.2d 637.)

For the appellant the cause was argued by *Pamela Magee-Heilprin,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief and oral argument by *Louis B. Butler, Jr.,* assistant state public defender.

WILLIAM G. CALLOW, J. This is one of three cases consolidated for purposes of this appeal because they present the same issue, which is whether a trial court has the authority to vacate a Sex Crimes Act commitment for the purpose of sentencing the offender under the Criminal Code. The resolution of this issue is con-

---

† Motion for reconsideration denied, without costs, on May 4, 1981.

trolled by our decision in *State v. Machner,* 101 Wis.2d 79, 303 N.W.2d 633 (1981), and pursuant thereto, we declare the trial court's order vacating Higginbotham's commitment void and of no effect.

We observe that the procedure followed in this case upon the filing of a sec. 975.09 petition for discharge was substantially different from that which we outlined in *State v. Hanson,* 100 Wis.2d 549, 302 N.W.2d 452 (1981), and which is contained in sec. 975.09, Stats. 1979–80. Thus upon remand to the circuit court, Higginbotham is to be afforded a hearing in accordance with the current sec. 975.09, Stats.

*By the Court.*—The order of the circuit court is vacated and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.