STATE of Wisconsin, Plaintiff-Respondent,

v.

John S. COOPER, Defendant-Appellant.†

Court of Appeals

*Nos. 02–2247–CR, 02–2248–CR. Submitted on briefs August 14, 2003.—Decided October 15, 2003.*

2003 WI App 227

(Also reported in 672 N.W.2d 118.)

886

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John A. Birdsall* of *Birdsall Law Offices, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J.  John S. Cooper appeals from a judgment of conviction for three counts of first-degree sexual assault of a child. He also appeals from an order denying all but one of his postconviction motions for relief. He argues that the circuit court erred when it reversed his conviction for repeated acts of sexual assault, a single Class B felony encompassing at least three acts, while preserving his convictions on three

separate sexual assaults, each a Class B felony. Cooper also claims that he received ineffective assistance of counsel at trial. We disagree and affirm the judgment of conviction as modified by the circuit court's order for postconviction relief.

## FACTS

¶ 2. On August 27, 1999, the State charged Cooper with two counts of repeated sexual assault of a child, J.L., contrary to Wis. Stat. § 948.025(1) (2001–02).[2] Count one covered events that occurred between January 1 and October 14, 1997, and count two covered events that occurred between October 1, 1998, and January 25, 1999.

¶ 3. On February 25, 2000, the State brought a second action charging Cooper with three counts of first-degree sexual assault of a child and one count of intimidating a victim, contrary to Wis. Stat. §§ 948.02(1) and 940.45(3), respectively. All of these events occurred between October 1, 1998, and January 25, 1999, and involved the same victim.

¶ 4. Cooper filed a motion to join all six of the charges for trial and the court granted his motion. At trial, counts one and two mirrored the original repeated acts charges filed against Cooper. Counts three, five and six each charged Cooper with one instance of first-degree sexual assault of a child. Count four alleged that Cooper intimidated his victim by threatening him with a gun.

¶ 5. Following a jury trial, Cooper was found guilty on counts two through six. He was found not

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted. Changes to Wis. Stat. § 948.025(1), which took effect on February 1, 2003, do not affect our analysis.

guilty on count one, the first charge of repeated sexual assault. Cooper brought a motion for postconviction relief, arguing, among other things, that his convictions on the three counts of first-degree sexual assault of a child were illegal in light of his conviction for repeated acts of sexual assault of a child because all four charges involved the same child and the same time period. The circuit court held that the joint trial of the two cases violated Wis. Stat. § 948.025(3) and concluded that reversal of count two would remedy the violation.

¶ 6.  Cooper also argued that his convictions on counts two through six should be reversed and a new trial should be ordered because he was denied his right to effective assistance of counsel at trial. The circuit court disagreed.

## DISCUSSION

### Remedy for Violation of Wis. Stat. § 948.025(3)

¶ 7.  Cooper contends that Wis. Stat. § 948.025(3) requires reversal of the convictions for the three specific charges of first-degree sexual assault rather than reversal of the more general charge of repeated acts. During the postconviction motion hearing, the circuit court agreed with Cooper that the consolidated charges violated § 948.025(3), which states in relevant part:

> The state may not charge *in the same action* a defendant with a violation of this section and with a felony violation involving the same child ... under s. 948.02 ... unless the other violation occurred outside of the time period applicable under sub. (1). (Emphasis added.)

¶ 8.  However, Cooper argues, the circuit court applied the wrong remedy when it reversed the conviction on count two. Cooper posits that the correct

remedy under the statute is to reverse counts three, five and six. He argues that once the first action was commenced, the State was "stuck with" the charge of repeated acts under WIS. STAT. § 948.025(1) and that subsequent charges for specific acts of sexual assault were a "blatant violation of the clear statutory mandate" of § 948.025(3). We cannot agree.

¶ 9. Whether the circuit court properly interpreted WIS. STAT. § 948.025(3), dismissing count two rather than counts three, five and six at the postconviction hearing, is a question of law which we review de novo. *See State v. Piddington*, 2001 WI 24, ¶ 13, 241 Wis. 2d 754, 623 N.W.2d 528, *cert. denied*, 534 U.S. 826 (2001).

¶ 10. The appellate issue is what count(s) should be vacated to comply with WIS. STAT. § 948.025(3)? Cooper argues that the charges filed first in time dictate which convictions must be reversed, but he cites no legal authority for his position. Likewise, we find no controlling precedent in Wisconsin. We take guidance, however, from recent California case law where this precise issue has been addressed. California's statute on continuous sexual abuse of a child prohibits charging continuous sexual abuse and specific felony sex offenses in the same action. The California statute is sufficiently similar to ours to allow us to consider the California court's interpretation. California's statute states, in relevant part:

> No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section [for continuous sexual abuse of a child] unless the other charged offense occurred outside

the time period charged under this section or the other offense is charged in the alternative.

CAL. PENAL CODE § 288.5(c) (2003–04).

¶ 11. In *People v. Alvarez*, 122 Cal. Rptr. 2d 859, 861 (Cal. Ct. App. 2002), the court of appeals reviewed the trial court's dismissal of the continuous sexual abuse count while preserving the specific felony offenses. The prosecutor moved for dismissal of the repeated sexual assault charge after the evidence was in but before the convictions were entered. *Id*. The court granted the prosecution motion, dismissed the continuous acts charge, and found Alvarez guilty of the remaining charges. *Id*. Alvarez appealed. His argument, like that of Cooper, was that the charge of continuous acts barred the prosecution of specific acts involving the same victim and the same time period. *Id*. at 862. The California Court of Appeals disagreed and affirmed the trial court, stating:

> The conclusion we reach is consistent with, and fosters, the apparent legislative purpose of [CAL. PENAL CODE] section 288.5, which "was enacted because of problems of proof that can arise where the molester resides in the same house as the child. Under such circumstances the child may recall she was molested repeatedly over a period of time, but may not be able to recall discrete instances with sufficient precision to prove multiple counts . . . ." It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties[.]

*Alvarez*, 122 Cal. Rptr. 2d at 863–64.

¶ 12. A second California case, *People v. Torres*, 126 Cal. Rptr. 2d 92 (Cal. Ct. App. 2002), provides a closer procedural analogy. *Torres* involved a defendant who, like Cooper, had been convicted of continuous

893

sexual abuse and specific felony offenses involving the same child and occurring during the same time period. *Id.* at 93. Torres argued that when "multiple convictions are obtained in violation of section 288.5, subdivision (c), only the conviction for continuous sexual abuse may stand, and the convictions on the specific counts must be vacated." *Torres*, 126 Cal. Rptr. 2d at 94. The *Torres* court disagreed and held that because the specific felony offenses carried a more substantial aggregate sentence and were "most commensurate with [the defendant's] culpability," the proper remedy for violation of CAL. PENAL CODE § 288.5(c) was to reverse the conviction for continuous acts. *Torres*, 126 Cal. Rptr. 2d at 96.

¶ 13.   We are persuaded by the California court's reasoning. Nothing on the face of the Wisconsin statute requires us to favor charges filed first in time, and Cooper has not demonstrated why such an interpretation would further the interests of justice. The State originally brought two distinct actions against Cooper, alleging two distinct sets of facts to support the allegations. The first action, for repeated acts of sexual assault under WIS. STAT. § 948.025(1), alleged that Cooper had repeatedly fondled J.L. and rubbed his penis against J.L. while they slept in Cooper's basement bed. The second case against Cooper alleged three separate instances of first-degree sexual assault of a child under WIS. STAT. § 948.02(1), including fellatio and two acts of anal intercourse, one of which occurred in the driveway outside of Cooper's house. Because of the distinct facts underlying the separate counts, Cooper was charged but once for each crime or series of crimes. Had the actions remained separate, the convictions on all four counts would have survived a challenge under § 948.025(3).

¶ 14. The State originally brought the more general charges in one action and later brought a separate action alleging the more specific charges. Cooper successfully moved to consolidate the separate actions into one. Cooper, by seeking the consolidation, contributed to what he now contends is error because of the statutory prohibition of a general charge under WIS. STAT. § 948.025(1) being joined with specific charges under WIS. STAT. § 948.02(1) *in the same action.* Because Cooper directly contributed to the error, he cannot benefit from the error. *See State v. Gove,* 148 Wis. 2d 936, 944, 437 N.W.2d 218 (1989). The doctrine of judicial estoppel[3] prevents a defendant from benefitting from a manipulation of the judicial system and would present an alternative basis for affirming here. *See Salveson v. Douglas County,* 2001 WI 100, ¶ 37, 245 Wis. 2d 497, 630 N.W.2d 182 (a party cannot be allowed to play "fast and loose with the judicial system").

¶ 15. We hold that a court may reverse a conviction on the repeated acts charge under WIS. STAT. § 948.025(1) when the proscription against multiple charges in § 948.025(3) is violated. This remedy is proper even where the repeated acts charge was filed prior to an action for specific acts of sexual assault under WIS. STAT. § 948.02(1). Prosecutors should engage in charging practices that avoid violations of § 948.025(3). When necessary, the trial court should address such violations at the time of consolidation

---

[3] Three elements are necessary to invoke judicial estoppel: (1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position. *Salveson v. Douglas County,* 2001 WI 100, ¶ 38, 245 Wis. 2d 497, 630 N.W.2d 182.

rather than during or after trial. If a violation of § 948.025(3) does arise, the State should choose which charge or charges it will pursue.

## Double Jeopardy and Due Process

¶ 16.   Cooper also argues that counts three, five and six, in relation to count two, violate the Double Jeopardy Clause. He further contends that the convictions on counts two and six violated his right to due process because they did not allow for a unanimous verdict and were multiplicitous. Cooper's arguments are moot because we affirm the circuit court's reversal of the conviction on count two. An issue is moot when its resolution will have no practical effect on the underlying controversy. *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶ 3, 233 Wis. 2d 685, 608 N.W.2d 425. Generally, moot issues will not be considered on appeal. *Id.* While there are exceptions to the rule of dismissal for mootness, *see id.*, none apply here.

## Ineffective Assistance of Counsel

¶ 17.   Finally, Cooper argues that the circuit court erred when it concluded that he was not denied his right to effective assistance at trial. To support a claim of ineffective assistance of counsel, Cooper must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Kuhn*, 178 Wis. 2d 428, 437, 504 N.W.2d 405 (Ct. App. 1993). Both prongs of this test constitute mixed questions of law and fact. *State v. Moffett*, 147 Wis. 2d 343, 352, 433 N.W.2d 572 (1989).

¶ 18. Cooper has the burden to persuade us that his attorney's performance was deficient and that the deficiency resulted in prejudice. *See State v. Sanchez*, 201 Wis. 2d 219, 232–36, 548 N.W.2d 69 (1996). Cooper cites six grounds for finding the work of his trial counsel deficient to the extent that it prevented Cooper from receiving a fair trial. Specifically, Cooper asserts that his trial attorney failed to: (1) request a *Wallerman*[4] stipulation; (2) properly impeach the credibility of witnesses; (3) keep information on Cooper's prior conviction from the jury; (4) protect Cooper's right to pretrial silence; (5) offer character evidence supporting Cooper; and (6) prevent admission of "other acts" evidence, specifically previous allegations of sexual assault. The circuit court found the attorney's performance sufficient in all but one instance. The court determined that failure to object to testimony referencing Cooper's pre- and postarrest silence constituted deficient performance. We will not reverse the circuit court's findings of fact unless they are clearly erroneous. *Moffet*, 147 Wis. 2d at 352–53. However, whether the attorney's performance was deficient and, if so, whether the deficiency resulted in prejudice are questions of law that we decide without deference to the circuit court. *Id.* at 353.

¶ 19. The test for determining if there has been an impermissible comment on a defendant's right to remain silent is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment

---

[4] *State v. Wallerman*, 203 Wis. 2d 158, 552 N.W.2d 128 (Ct. App. 1996), *overruled on other grounds by State v. Veach*, 2002 WI 110, 255 Wis. 2d 390, 648 N.W.2d 447.

on the defendant's right to remain silent. *State v. Nielsen*, 2001 WI App 192, ¶ 32, 247 Wis. 2d 466, 487–88, 634 N.W.2d 325, *review denied*, 2001 WI 117, 247 Wis. 2d 1036, 635 N.W.2d 784 (Wis. Oct. 23, 2001) (No. 00–3224–CR). The court must look at the context in which the statement was made in order to determine the manifest intention that prompted it and its natural and necessary impact on the jury. *Id.* The comment referencing Cooper's prearrest silence occurred during a police corporal's testimony regarding her investigation into J.L's allegations against Cooper in 1997. When asked why she eventually closed her investigation, she replied that Cooper "chose not to come in and talk to me." This comment, however, appears in a long line of questioning wherein the corporal previously stated that Cooper did talk to her on the phone. The manifest intention, therefore, was not to imply that Cooper was invoking his right to remain silent, but simply to explain why the 1997 investigation had gone no further. We hold, therefore, that this testimony did not violate Cooper's right to remain silent and his attorney's performance was not deficient for failing to object.

¶ 20.  Cooper raises the same issue regarding a police officer's testimony referencing Cooper's postarrest silence. We again apply the *Nielsen* test and place the contested testimony in context. In this instance, the police officer testified about an interview he had with Cooper in September 1999. At the beginning of the interview, Cooper had been advised of his right to remain silent. During the course of this interview, the officer posed a rhetorical question:  "What would you have done or what would you have said if [J.L.] would have said . . . I don't like the way you touch me." In response, Cooper remained silent. The officer then

continued to ask questions and Cooper answered. In all, the officer estimated that the interview took forty-five minutes. By reviewing the officer's reference to Cooper's silence in the context of a forty-five minute session of questions and answers, we conclude that no violation of Cooper's right to remain silent occurred and that Cooper's attorney acted within the range of competent assistance by choosing not to object to the police officer's comment.

¶ 21. Our review of the record shows that the remaining acts or omissions alleged by Cooper were not "outside the wide range of professionally competent assistance." *See State v. Guck*, 170 Wis. 2d 661, 669, 490 N.W.2d 34 (Ct. App. 1992), *aff'd,* 176 Wis. 2d 845, 500 N.W.2d 910 (1993) (citation omitted). Cooper's attorney testified, for example, that using a *Wallerman* stipulation to dispose of the issue of motive or intent would have flown in the face of Cooper's defense theory that the assaults on J.L. never took place. Cooper's attorney provides an explanation, consistent with this theory of defense, for choosing to forego further impeachment of a prosecution witness, for allowing the nature of Cooper's prior conviction to be heard by the jury, for presenting no more than three character witnesses on Cooper's behalf, and for putting "other acts" evidence before the jury. In reviewing counsel's performance, we give great deference to the attorney's strategic choices and make every effort to avoid making determinations based on hindsight. *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). We hold that Cooper's attorney's representation did not fall below objective standards of reasonableness, and, therefore, his performance was not deficient. *See Strickland*, 466 U.S. at 689.

¶ 22. We need not address both prongs of the test if Cooper fails to make a sufficient showing on one of them. *See id.* at 687, 697. We hold that Cooper has not demonstrated that his attorney's performance was deficient with regard to any of Cooper's six allegations, and thereby fails in his claim of ineffective assistance of counsel.

## Citations to Unpublished Opinions

¶ 23. As a final matter, this court notes with dismay the multiple citations to unpublished opinions contained in Cooper's appellate brief. The Rules of Appellate Procedure proscribe as follows:

> UNPUBLISHED OPINIONS NOT CITED. An unpublished opinion is of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case.

Wis. Stat. Rule 809.23(3) (2001–02).

¶ 24. Cooper's appellate counsel attempts to minimize his culpability by locating such citations in footnotes and providing the disclaimer that citations to unpublished decisions are "for information and illustrative purposes only." His use of the unpublished opinions to support his argument, however, reveals his intent to persuade this court with the improper citations.

¶ 25. When faced with such a blatant disregard for the Rules of Appellate Procedure in the past, this court has not hesitated to impose consequences. While "[w]e sometimes (perhaps too often) make allowances for appellate counsel's failure to abide by these rules . . . [t]here are limits beyond which we cannot go in overlooking these kinds of failings." *State v. Pettit,* 171 Wis.

2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). Cooper's appellate counsel has exceeded those limits.

¶ 26. We hereby impose a fine of $50 for each violation of WIS. STAT. RULE 809.23(3) (2001–02). We count nine[5] citations to unpublished opinions in the appellant's brief, for a total fine of $450.

## CONCLUSION

¶ 27. We hold that the circuit court did not err when it reversed Cooper's conviction on count two for repeated sexual assault of a child. More specifically, we conclude that a violation of WIS. STAT. § 948.025(3) may be resolved by reversal of the charge of repeated acts of sexual assault even where the repeated acts charge under § 948.025(1) was filed prior to an action for specific acts of sexual assault under WIS. STAT. § 948.02(1).

¶ 28. We also conclude that Cooper was not denied his right to effective assistance of counsel.

*By the Court.*—Judgment and order affirmed.

---

[5] These nine unpublished opinions are as follows: *State v. Nantelle*, 169 Wis. 2d 748, 488 N.W.2d 929 (Ct. App. 1992); *State v. Saldana*, 214 Wis. 2d 591, 571 N.W.2d 924 (Ct. App. 1997); *State v. Groeschl*, 2000 WI App 143, 237 Wis. 2d 695, 616 N.W.2d 923; *State v. Sarnowski*, 209 Wis. 2d 83, 562 N.W.2d 927 (Ct. App. 1997); *State v. Rhodes*, 197 Wis. 2d 955, 543 N.W.2d 867 (Ct. App. 1995); *State v. Kavanagh*, 181 Wis. 2d 367, 514 N.W.2d 422 (Ct. App. 1993); *State v. Amerson*, 205 Wis. 2d 113, 555 N.W.2d 410 (Ct. App. 1996); *State v. Hogan*, 214 Wis. 2d 591, 571 N.W.2d 924 (Ct. App. 1997); and *State v. Cotton*, 185 Wis. 2d 710, 520 N.W.2d 111 (Ct. App. 1994).