**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 25, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP2004-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CF792

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

SULAYMAN M. MANNEH,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Judgment modified and, as modified, affirmed; order affirmed.*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Sulayman Manneh appeals a judgment of conviction for repeated sexual assault of a child and exposing genitals to a child, and an order denying Manneh's motion for postconviction relief. The parties agree that Manneh was improperly charged with and convicted of both repeated sexual assault of a child and exposing genitals to a child, contrary to WIS. STAT. § 948.025(3) (2017-18).[1] They disagree as to the remedy. Manneh argues that the circuit court erred by vacating only the conviction for the lesser felony of exposing genitals to a child to cure the charging error. He argues that, instead, the court was required to vacate either both convictions or only the greater felony conviction of repeated sexual assault of a child. He also argues that his counsel was ineffective by failing to object to the charging error. We disagree. For the reasons set forth below, we agree with the State that the circuit court properly vacated the lesser felony as a remedy for the charging error and that Manneh was not denied his right to the effective assistance of counsel. We affirm.

¶2 The State charged Manneh with repeated sexual assault of a child, exposing genitals to a child, and child enticement. After a jury trial, Manneh was convicted of repeated sexual assault of a child and exposing genitals to a child, and found not guilty of child enticement. The court sentenced Manneh to six years of initial confinement and ten years of extended supervision on the repeated sexual assault of a child conviction, and eighteen months of initial confinement and eighteen months of extended supervision on the exposing genitals to a child conviction, imposed concurrently.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3  Manneh filed a postconviction motion seeking to dismiss both convictions or, alternatively, to dismiss the conviction for repeated sexual assault of a child. He argued that the State had impermissibly charged both offenses contrary to WIS. STAT. § 948.025(3) and that his counsel was ineffective by failing to object to the improper charging. In response, the State agreed that Manneh was improperly charged with both repeated sexual assault of a child and exposing genitals to a child. It argued, however, that the proper remedy was to vacate the exposing genitals to a child conviction. The State also argued that its concession of error rendered Manneh's ineffective assistance of counsel claim moot and that, in any event, the claim failed on the merits because Manneh had not shown prejudice.

¶4  In a thorough, well-reasoned decision, the circuit court determined that the proper remedy for the charging error was to vacate the exposing genitals to a child conviction rather than both convictions or the repeated sexual assault of a child conviction. It also determined that Manneh's ineffective assistance of counsel claim failed because Manneh could not show prejudice. Manneh appeals.

¶5  On appeal, the parties agree that the State erred by charging Manneh with both repeated sexual assault of a child and exposing genitals to a child. They disagree as to the remedy. This presents a question of law subject to our de novo review. *See* ***State v. Cooper***, 2003 WI App 227, ¶9, 267 Wis. 2d 886, 672 N.W.2d 118.

¶6  Manneh contends that the circuit court lacked authority to dismiss only Manneh's conviction for exposing genitals to a child as a remedy for the charging error. In support of this position, Manneh cites language from ***Cooper***, 267 Wis. 2d 886, ¶15, holding that "a court may reverse a conviction on the repeated acts charge under WIS. STAT. § 948.025(1) when the proscription against multiple

3

charges in § 948.025(3) is violated." He contends that it follows from that holding that courts lack authority to reverse any convictions other than a repeated sexual assault of a child conviction to remedy a § 948.025(3) violation. He argues that here, the State should not be allowed to reap the benefits of having proceeded with both charges at trial, rather than having to choose which to pursue, with the attendant risks involved with foregoing the other. He asserts that allowing the State to benefit from its error will encourage prosecutors to improperly charge multiple offenses contrary to § 948.025(3). He contends that the State should not be allowed to "play fast and loose with the judicial system" by improperly proceeding with both counts at trial, and then picking which conviction it wants to keep after having failed to make the proper charging decision.

¶7 The State responds that the circuit court properly dismissed the exposing genitals to a child count as a remedy for the violation of WIS. STAT. § 948.025(3). It asserts that, under *State v. Torkelson*, 2007 WI App 272, ¶26, 306 Wis. 2d 673, 743 N.W.2d 511, vacating both convictions is not an appropriate remedy.[2] *See id.* (rejecting claim of right to new trial based on convictions for multiple counts contrary to § 948.025(3), and explaining that "[n]othing in the statute indicates the remedy for a violation is anything other than dismissal of the prohibited charges."). It further asserts that, under the rationale of *Cooper* and persuasive California case law, a court may vacate either a repeated sexual assault of a child conviction or a sexual assault or exposing genitals conviction to cure a

---

[2] Manneh asserts in his reply brief that *State v. Torkelson*, 2007 WI App 272, ¶¶25-26, 306 Wis. 2d 673, 743 N.W.2d 511, is distinguishable because, there, Torkelson failed to request a hearing on his claim of ineffective assistance of counsel under *State v. Machner*, 101 Wis. 2d 79, 303 N.W.2d 633 (1981), and because Torkelson asked for a new trial rather than dismissal of the counts. We are not persuaded that those distinctions negate the underlying holding cited by the State: "Nothing in the statute indicates the remedy for a violation is anything other than dismissal of the prohibited charges." *See Torkelson*, 306 Wis. 2d 673, ¶26.

violation of § 948.025(3). It contends that the circuit court properly vacated the exposing genitals to a child conviction based on the facts of this case because: (1) all of the evidence as to the exposing genitals charge was also admissible to prove the repeated sexual assault of a child charge; and (2) the repeated sexual assault conviction was most commensurate with Manneh's culpability.

¶8    In *Cooper*, 267 Wis. 2d 886, ¶¶1-5, 10, we addressed the question of the proper remedy after Cooper was convicted of repeated sexual assault of a child and three counts of sexual assault of a child involving the same child and the same time period, contrary to WIS. STAT. § 948.025(3). The circuit court had vacated the single conviction for repeated sexual assault of a child and left in place the three convictions for sexual assault of a child. *Cooper*, 267 Wis. 2d 886, ¶1. Cooper argued that the court was required to vacate the three separate sexual assault of a child convictions rather than the single repeated sexual assault of a child conviction. *Id.*, ¶8. We disagreed. *Id.* We found persuasive recent California case law addressing the same question under a California statute sufficiently similar to § 948.025(3) to provide guidance. *Cooper*, 267 Wis. 2d 886, ¶10. We explained that we were persuaded by the California court's reasoning that the repeated sexual assault of a child offense should be vacated "because the specific felony offenses carried a more substantial aggregate sentence and were most commensurate with [the defendant's] culpability." *Id.*, ¶¶12-13 (quoted source omitted). Accordingly, we held that "a court *may* reverse a conviction on the repeated acts charge under WIS. STAT. § 948.025(1) when the proscription against multiple charges in § 948.025(3) is violated." *Id.*, ¶15 (emphasis added).

¶9    Applying the reasoning we set forth in *Cooper*, we conclude that the circuit court properly vacated Manneh's conviction for exposing genitals to a child as a remedy for the violation of WIS. STAT. § 948.025(3). Contrary to Manneh's

5

arguments, we did not hold in *Cooper* that a court *must* vacate the conviction for repeated sexual assault of a child whenever there is a violation of § 948.025(3). Rather, we held that a court *may* vacate the repeated sexual assault of a child conviction and that, under the facts of that case, that was the proper remedy.[3] *Cooper*, 267 Wis. 2d 886, ¶¶13-15. We rejected Cooper's contention that the court could only uphold the charge filed first in time, and determined that Cooper had not demonstrated why such an interpretation was in the interest of justice. *Id.*, ¶13. Rather, we were persuaded that the court had authority to uphold the conviction that was most commensurate with Cooper's culpability. *Id.*, ¶¶12-13. Here, Manneh has not disputed the State's contentions that all of the evidence as to the exposing genitals count would have been admissible as to the repeated sexual assault of a child count and that the repeated sexual assault conviction was most commensurate with Manneh's culpability. Manneh does not provide any facts to establish that the State was playing "fast and loose" with the judicial system by charging both offenses, or that it has reaped the benefits of its charging error. Thus, as in *Cooper*, the court had authority to uphold the conviction that was most commensurate with Manneh's culpability, and Manneh has not demonstrated that another outcome is required in the interest of justice.

¶10 Manneh also argues that the circuit court erred by denying his claim of ineffective assistance of counsel without a hearing. He alleges that his trial counsel performed deficiently by failing to object to the charging error prior to trial, and that Manneh was prejudiced because: (1) he was convicted on a count that

---

[3] As Manneh points out, the *Cooper* court relied on the additional fact, not present here, that Cooper had contributed to the error by moving to consolidate the separate cases against him. *State v. Cooper*, 2003 WI App 227, ¶14, 267 Wis. 2d 886, 672 N.W.2d 118. We are not persuaded, however, that this distinction renders *Cooper* inapposite. Rather, despite the factual differences between the cases, we find the underlying analysis in *Cooper* persuasive.

should have been dismissed; and (2) he had to face three charges at trial rather than two, which, he asserts, "is generally not considered beneficial from a defense point of view." *See* ***Strickland v. Washington***, 466 U.S. 668, 687-694 (1984) (claim of ineffective assistance of counsel must show that counsel's performance was deficient and also that the deficient performance prejudiced the defense).

¶11    The State responds that the circuit court properly denied Manneh's ineffective assistance of counsel claim without a hearing.  It argues that Manneh cannot show prejudice because the court has now vacated the count that would have been dismissed had counsel objected prior to trial, and all of the same evidence would have been introduced at trial even if the exposing genitals count had been dismissed pretrial.  Manneh replies that a ***Machner*** hearing is necessary to establish defense counsel's intent in failing to object.  *See* ***State v. Machner***, 101 Wis. 2d 79, 303 N.W. 2d 633 (1981).

¶12    We conclude that the circuit court properly denied Manneh's claim of ineffective assistance of counsel without a hearing.  A circuit court must hold a ***Machner*** hearing only if the postconviction motion "on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.  However, "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the court has the discretion to deny the motion without a hearing. ***Id.***

¶13    A claim of ineffective assistance of counsel must establish both deficient performance and prejudice, and failure to show either prong defeats the claim.  ***Id.***, ¶26.  "The proper test for prejudice in the context of ineffective

assistance of counsel is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Jenkins*, 2014 WI 59, ¶37, 355 Wis. 2d 180, 848 N.W.2d 786 (quoted source omitted). Here, as set forth above, Manneh argues that he was prejudiced by his counsel's failure to object to the charging error because he faced three rather than two charges at trial and was erroneously convicted of an additional count. However, the circuit court granted Manneh's postconviction motion as to the exposing genitals to a child conviction, curing the charging error. Additionally, Manneh has not disputed that all of the evidence as to the exposing genitals to a child charge would have come in at trial to support the repeated sexual assault of a child charge. Manneh's bald assertion that it was not beneficial to him to face an additional charge at trial is insufficient to establish a reasonable probability of a different outcome had the charge been dismissed before trial. We conclude that the circuit court properly exercised its discretion by denying the ineffective assistance of counsel claim without a hearing.

¶14 Finally, the parties point out that, while the court granted Manneh's motion to vacate the exposing genitals to a child conviction, the court did not enter an amended judgment of conviction with that conviction vacated. Accordingly, upon remand, the circuit court shall enter an amended judgment of conviction without the conviction for exposing genitals to a child. The judgment of conviction is modified to remove the conviction for exposing genitals to a child and, as modified, affirmed.

*By the Court.*—Judgment modified and, as modified, affirmed; order affirmed.

8

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.